IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **PAULETTE ASKEW**<br>**Mays Landing, NJ 08330** | : <br> : <br> : <br> : | |
| **Plaintiff,** | : <br> : | **CIVIL ACTION NO.** |
| **v.** | : <br> : | |
| **TRUMP ENTERTAINMENT**<br>**RESORTS, INC.**<br>**The Boardwalk at Mississippi Ave.**<br>**Atlantic City, NJ 08401** | : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| **Defendant.** | : <br> : <br> : | |

## COMPLAINT

### I.   PRELIMINARY STATEMENT

Plaintiff, Paulette Askew, brings this action against her former employer, Trump Entertainment Resorts, Inc. ("Trump Plaza" or "Defendant"). Plaintiff, an African-American, twenty-one (21) year employee with a spotless performance record, was terminated by Defendant in 2010. Plaintiff was discriminated against by Defendant because of her age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"); because of her "disability" in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA") and the NJLAD; and because of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"), and the NJLAD. Plaintiff was also terminated for taking protected leave in violation of the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA").

Plaintiff seeks damages, including economic loss, compensatory, liquidated, and punitive damages, and all other relief under applicable federal and state law and as this Court deems appropriate.

## II.   **PARTIES**

1.      Plaintiff is an African-American individual and citizen of the State of New Jersey. She resides in Mays Landing, New Jersey.

2.      Plaintiff was sixty-four (64) years old at the time of her termination.

3.      Plaintiff was employed by Defendant for over twenty (20) years before she was terminated.  At all times material hereto, Plaintiff was employed for at least twelve hundred and fifty (1,250) hours of service during her last twelve (12) month period.

4.      Defendant is a New Jersey corporation with a principal place of business in Atlantic City, New Jersey.

5.      Trump Entertainment Resorts, Inc. owns and manages three (3) casino/hotels in Atlantic City, including Trump Plaza, Trump Marina, and Trump Taj Mahal.  The company employs over 9,000 employees at these three (3) properties.

6.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the State of New Jersey.

7.      At all times material hereto, Defendant employed more than fifty (50) people within a seventy-five (75) mile radius of Plaintiff's workplace.

8.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9.      At all times material hereto, Defendant acted as an employer within the meaning

of the statutes which form the basis of this matter.

10.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

**III.    JURISDICTION AND VENUE**

11.    The causes of action which form the basis of this matter arise under the ADEA, ADA, Title VII, Section 1981, NJLAD, and FMLA.

12.    The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

13.    The District Court has jurisdiction over Count II (ADA) pursuant to 42 U.S.C. §12117(a) and 28 U.S.C. §1331.

14.    The District Court has jurisdiction over Count III (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

15.    The District Court has jurisdiction over Count IV (Section 1981) pursuant to 28 U.S.C. §1331.

16.    The District Court has jurisdiction over Count V (FMLA) pursuant to 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331.

17.    The District Court has supplemental jurisdiction over Count VI (NJLAD) pursuant to 28 U.S.C. §1367.

18.    Venue is proper in the District Court under 28 U.S.C. §1391(b).

19.    On or about April 20, 2011, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination and retaliation alleged herein.  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination.

20.     On or about August 2, 2012, the EEOC issued to Plaintiff a Dismissal and Notice of Right to Sue (Issued on Request).  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice.

21.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

22.     Plaintiff was hired by Defendant Trump Plaza in or about June 1989 after working for over ten (10) years at Bally's, Playboy and Atlantis Casinos in Atlantic City.

23.     In April 1990, Plaintiff was promoted from floor supervisor to full-time pit-manager.

24.     Plaintiff remained in that position until September 28, 2010, her date of termination.

25.     At the time of her termination, Plaintiff was sixty-four (64) years old.

26.     Plaintiff never received a poor performance evaluation in her entire career.

27.     At the time of her termination, Plaintiff reported to Dante Bevenito (55[1], white), Shift Manager of the 4am-12pm shift, who in turn reported to Anthony Spagno (45, white), Casino Manager and David Polizzi (50, white), General Manager of Trump Plaza.  The Director of Human Relations at Trump Plaza was Cheryl M. Brantley (50, non-white).

28.     On September 28, 2010, the **very same day** Plaintiff returned to work after undergoing surgery and taking time off pursuant to FMLA, Plaintiff was approached by Ms. Brantley and escorted to a conference room where she met Mr. Spagno and Mr. Polizzi.

29.     During a brief conversation, Plaintiff was told that her employment with Trump Plaza was terminated.  She was completely blindsided by this termination after working for

---

[1] Ages contained herein are approximates.

Trump Plaza for over twenty (20) years.

30.     The only explanation that Plaintiff was given was that "it was because of the economy" and "this is happening all over town."

31.     The following day, on September 29, 2010, Plaintiff called Ms. Brantley to get more information on why she was chosen for termination.  Ms. Brantley explained to Plaintiff that her termination was based on three (3) factors: (1) the number of write-ups she received; (2) the number of call-outs made; and (3) her performance evaluations from the last year.

32.     Trump Plaza had no reason to terminate Plaintiff based on the aforementioned criteria.  In fact, none of these three (3) elements mentioned by Ms. Brantley could have formed the decision to terminate Plaintiff.

33.     In Plaintiff's over twenty (20) years of experience with Defendant Trump Plaza, she **never** received a write-up or any sort of disciplinary notice.  Moreover, her latest performance evaluation from May 2010 was exceptional, as were all of her past performance evaluations over the many years.  Finally, Plaintiff had zero (0) call-out days in the previous year.

34.     Trump Plaza was aware that Plaintiff had a complicated medical history, including injuries to her back, which required Plaintiff to take leave pursuant to FMLA in early 2010, as well as in August 2010 for her surgery.  These missed days should not have been considered "call-out" days and should not have formed the basis for her termination.

35.     At the time of her termination, the other pit managers at Defendant Trump Plaza were:

a.  Randy Restle (50);

b.  Joe Morrell (53);

c.   Sergio Casares (50);

d.   John DiJosie (50);

e.   Hyang Choi (62);

f.   Jennifer Silva (50);

g.   Carole Clark (62);

h.   Joe DeSimone (58);

i.   Maria Street (48); and

j.   Zach Bochelle (61).

36.   Upon information and belief, Plaintiff was the **only** pit-manager at Defendant Trump Plaza who was terminated in September 2010 or shortly thereafter.

37.   At the age of sixty-four (64), Plaintiff was also the **oldest** pit-manager at Defendant Trump Plaza.

38.   Plaintiff was also the **only** African-American pit manager at Defendant at the time of her termination.

39.   In addition, upon information and belief, **none** of the above-listed pit-managers besides Plaintiff had a known disability or had recently taken leave pursuant to FMLA.

40.   Plaintiff's age was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff and in the termination of Plaintiff.

41.   Plaintiff's race was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff and in the termination of Plaintiff.

42.   Defendant terminated Plaintiff's employment because of her "disability" and her use of leave protected under the FMLA.

43.   Plaintiff's "disability" was a motivating and/or determinative factor in

Defendant's discriminatory treatment of Plaintiff and in the termination of Plaintiff.

44.     Plaintiff's use of protected leave under the FMLA was a determinative and/or motivating factor in Defendant's discriminatory treatment of Plaintiff and in the termination of Plaintiff.

45.     Defendant interfered with Plaintiff's ability to use protected leave.

46.     Defendant retaliated against Plaintiff for using protected leave.

47.     Defendant failed to restore Plaintiff to the position she held at the commencement of her FMLA leave.

48.     Defendant failed to restore Plaintiff to a position comparable to that which she held at the commencement of her FMLA leave.

49.     Defendant has failed to provide a legitimate, non-discriminatory reason for Plaintiff's termination.

50.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant Trump Plaza, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known as this time.

51.     The conduct of Defendant, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management and warrants the imposition of punitive damages against Defendant.

52.     The conduct of Defendant, as set forth above, was willful and intentional.

## COUNT I – ADEA

53.     Plaintiff incorporates herein by reference paragraphs 1 through 52 above, as if set forth herein in their entirety.

54.     Plaintiff's age was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

55.     By committing the foregoing acts of discrimination against Plaintiff, Defendant Trump Plaza has violated the ADEA.

56.     Said violations were willful and warrant the imposition of liquidated damages.

57.     As a direct and proximate result of Defendant Trump Plaza's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

58.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Trump Plaza's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

59.     No previous application has been made for the relief requested herein.

## COUNT II – ADA

60.     Plaintiff incorporates herein by reference paragraphs 1 through 59 above, as if set forth herein in their entirety.

61.     Plaintiff's "disability" was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

62.     By committing the foregoing acts of discrimination against Plaintiff, Defendant Trump Plaza has violated the ADA.

63.     Defendant Trump Plaza acted with malice and/or reckless indifference toward the

federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

64.     As a direct and proximate result of Defendant Trump Plaza's violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

65.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Trump Plaza's discriminatory acts unless and until this Court grants the relief requested herein.

66.     No previous application has been made for the relief requested herein.

## COUNT III – TITLE VII

67.     Plaintiff incorporates herein by reference paragraphs 1 through 66 above, as if set forth herein in their entirety.

68.     By committing the foregoing acts of discrimination against Plaintiff on the basis of Plaintiff's race, Defendant Trump Plaza has violated Title VII.

69.     Said violations were willful and intentional and warrant the imposition of punitive damages.

70.     As a direct and proximate result of Defendant Trump Plaza's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein.

71.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Trump Plaza's discriminatory acts unless and until this Court grants the relief requested herein.

72.     No previous application has been made for the relief requested herein.

## COUNT IV – SECTION 1981

73.    Plaintiff incorporates herein by reference paragraphs 1 through 72 above, as if set forth herein in their entirety.

74.    Defendant Trump Plaza, by the foregoing acts discrimination has violated Section 1981.

75.    Said violations were intentional and willful and warrant the imposition of punitive damages.

76.    As a direct and proximate result of Defendant Trump Plaza's violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein.

77.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Trump Plaza's discriminatory acts unless and until this Court grants the relief requested herein.

78.    No previous application has been made for the relief requested herein.

## COUNT V – FMLA

79.    Plaintiff incorporates herein by reference paragraphs 1 through 78 above, as if set forth herein in their entirety.

80.    By committing the foregoing acts against Plaintiff, Defendant Trump Plaza has violated the FMLA by interfering with Plaintiff's rights.

81.    Defendant, by terminating Plaintiff for use of protected leave, has retaliated against Plaintiff and violated the FMLA.

82.    As a result of Defendant Trump Plaza's failure to restore Plaintiff to her previous position or a comparable position, Defendant unlawfully interfered with, restrained and/or denied Plaintiff her rights under the FMLA.

83.     As a direct and proximate result of Defendant Trump Plaza's violation of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

84.     Defendant acted without good faith or reasonable grounds for believing that its acts did not violate the FMLA and the imposition of liquidated damages is warranted.

85.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Trump Plaza's violations of the FMLA unless and until the Court grants the relief requested herein.

86.     No previous application has been made for the relief requested herein.

## COUNT VI – NJLAD

87.     Plaintiff incorporates herein by reference paragraphs 1 through 86 above, as if set forth herein in their entirety.

88.     Plaintiff's age was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

89.     Plaintiff's "disability" was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of Plaintiff.

90.     Plaintiff's race was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of Plaintiff.

91.     By committing the foregoing acts of discrimination against Plaintiff, Defendant Trump Plaza has violated the NJLAD.

92.     As a direct and proximate result of Defendant's violation of the NJLAD, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

93.     Said violations were intentional and warrant the imposition of punitive damages.

94.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and unlawful acts unless and until the Court grants the relief requested herein.

95.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) Declaring the acts and practices complained of herein to be in violation of the ADEA;

(b) Declaring the acts and practices complained of herein to be in violation of the ADA;

(c) Declaring the acts and practices complained of herein to be in violation of Title VII;

(d) Declaring the acts and practices complained of herein to be in violation of Section 1981;

(e) Declaring the acts and practices complained of herein to be in violation of the FMLA;

(f) Declaring the acts and practices complained of herein to be in violation of the NJLAD;

(g) Enjoining and permanently restraining the violations alleged herein;

(h) Entering judgment against Defendant Trump Plaza and in favor of the Plaintiff in an amount to be determined;

(i) Awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(j) Awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has

suffered or may suffer as a result of Defendant's improper conduct;

(k) Awarding punitive damages to Plaintiff under the ADA, Title VII, Section 1981, and NJLAD;

(l)  Awarding liquidated damages to Plaintiff under the ADEA and FMLA;

(m) Awarding Plaintiff such other damages as are appropriate under the ADEA, ADA, Title VII, Section 1981, FMLA, and NJLAD;

(n) Awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(o) Granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

CONSOLE LAW OFFICES LLC

Dated: September 27, 2012

By:

Stephen G. Console
Laura C. Mattiacci
Rahul Munshi
110 Marter Avenue, Suite 105
Moorestown, NJ 08057
console@consolelaw.com
mattiacci@consolelaw.com
munshi@consolelaw.com
856-854-4000
856-854-4006(fax)

Attorneys for Plaintiff,
Paulette Askew